It is alleged in the complaint that the defendant, Allan D. O'Bryan, was a minor living with his mother, the defendant, Elizabeth T. O'Bryan, who "was the owner of an automobile, and that said automobile was obtained, kept and maintained by the said Elizabeth T. O'Bryan for the comfort, pleasure and convenience of herself and her *Page 845 
family, . . . and at the dates hereinafter alleged the said automobile was being operated by the defendant, Allan D. O'Bryan, with the knowledge, consent and special permission of his mother, Elizabeth T. O'Bryan." The answer of Elizabeth T. O'Bryan admitted "that this defendant, on the date mentioned, owned an automobile, and that her son, Allan D. O'Bryan, used the same with her consent." The evidence tended to show that on 2 January, 1932, the plaintiff had driven his horse and cart into the town of Beaufort. He stopped at the curbing at Thomas Sadler's to deliver some borrowed clothes, and while his cart was so standing the automobile of defendant, driven by her son, Allan O'Bryan, collided with the cart, breaking the same to pieces and throwing the plaintiff to the ground, inflicting as the plaintiff contended, serious and permanent injuries.
The plaintiff had no light upon his cart and there was some contradiction in the evidence as to whether it was dark at the time. Plaintiff said that it was "about dusk or it may have been a little after sundown. . . . It was just dusky a little." Another witness for plaintiff who was a merchant and waiting on customers at the time, said: "I could see his cart well enough. I hadn't turned on the lights in my store." Another witness for plaintiff testified: "I judge it was a few minutes after five o'clock. I could see all right." Another witness for plaintiff said: "It was not dark, . . . and I had not put on my lights." There was evidence tending to show that the car was being driven at the rate of thirty-five or forty miles an hour, and that the car of defendant "stopped about seventy-five to eighty yards from where the cart was."
Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff.
From judgment upon the verdict, awarding $3,000 damages, the defendant, Elizabeth O'Bryan, appealed.
There was sufficient evidence of negligence to be submitted to the jury. The defendant requested certain instructions, which were refused by the trial judge, but an examination of the charge discloses that the substance of such instructions was submitted to the jury. Indeed, an examination of the record leaves the impression that the merit of the controversy involved an issue of fact which has been determined adversely to the defendant.
Affirmed. *Page 846